# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of Vulcan Construction Materials, LLC, | Case No.: 2:24-cv-04669-RMG |
| Plaintiff, | |
| v. | **COMPLAINT** <br> **(Non - Jury)** |
| Briggs Brothers Enterprises Corporation and RLI Insurance Company, | |
| Defendants. | |

The Complaint of the United States of America for the use and benefit of Vulcan Construction Materials, LLC ("VCM"), by and through its undersigned counsel, against Defendants Briggs Brothers Enterprises Corporation ("Briggs Brothers") and RLI Insurance Company ("RLI" or the "Surety"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. VCM, the Plaintiff in this action, is a corporation organized and existing under the laws of the State of Delaware and is duly registered and authorized to conduct business in the State of South Carolina.

2. Defendant Briggs Brothers is a corporation organized and existing under the laws of the State of Pennsylvania and, and upon information and belief, at all times pertinent herein had its principal place of business located at 4749 Sansom Street, Philadelphia, PA 19139 and service to Briggs Brothers is proper to its registered agent, Terry Briggs, 1635 Gratz Street, Philadelphia, PA 19121.

3. Defendant RLI is a corporation organized and existing under the laws of the State

of Illinois and, and upon information and belief, has its principal place of business located at 9025 N. Lindbergh Drive, Peoria, IL 61615 and service to RLI is proper to its administrative principal corporate office on record with the Illinois Department of Insurance located at 9205 North Lindbergh Drive, Peoria, Illinois 61615.

4. Jurisdiction of this action is founded on the Miller Act, Sections 3131 to 3134 of Title 40 of the United States Code Annotated (40 U.S.C.A. §§3131 to 3134). Further, regarding those claims which are not expressly based upon the Miller Act, jurisdiction is established as such claims are so related to the Miller Act claim that they form part of the same case or controversy and arise from a common nucleus of operative facts, thus making supplemental jurisdiction proper.

5. Venue is proper in this District because the principal contract described below in Paragraph 6 between Briggs Brothers and the United States of America was to be performed in Charleston County, South Carolina.

## GENERAL ALLEGATIONS

6. Upon information and belief, The United States of America and Briggs Brothers entered into a written contract pursuant to which Briggs Brothers agreed to furnish labor, materials and services for the repairs of certain sewer mains at Joint Base Charleston in Charleston County, South Carolina (the "Project") in exchange for payment of $3,968,183.28, being known as Contract Number FA441822C0024 and Project Number DKFX 1052046, and dated July 29, 2022.

7. In accordance with Section 3131 of Title 40 of the United States Code (40 U.S.C.A. §§3131), Briggs Brothers, as principal, and the Surety, as surety, on August 3, 2022, executed a standard government form of payment bond to the United States (the "Payment Bond") pursuant to which Briggs Brothers, as principal, and Surety, as surety, bound themselves jointly and severally in the sum of $3,968,183.28, conditioned that if Briggs Brothers, as principal, shall promptly make payment to all persons supplying labor and materials in the prosecution of the work

required by the Prime Contract, then the obligations of the payment bond would be void; otherwise, to remain in full force and effect. A copy of the Payment Bond is attached hereto and incorporated herein by reference as **Exhibit "A."**

8. Upon information and belief, the Payment Bond was duly accepted by the United States and, on such acceptance, the contract for the construction and completion of the Project was awarded to Briggs Brothers.

9. On or about March 7, 2023, Briggs Brothers entered into an ongoing Commercial Credit Agreement ("Agreement") whereby VCM would supply Briggs Brothers with materials to include, *inter alia* construction aggregates on account. ("Agreement"). A true and correct copy of said Agreement is attached hereto and incorporated herein by reference as **Exhibit "B"** and is incorporated herein by reference.

10. The Agreement that was entered into by VCM and by Briggs Brothers, attached hereto and incorporated herein by reference as **Exhibit "B,"** contains agreed upon terms and conditions that Briggs Brothers would be responsible for prompt payment to VCM and any costs incurred by VCM in connection with collection, including reasonable attorneys' fees and all other costs, expenses or charges incurred by VCM in enforcing the terms of the Agreement. Furthermore, the Agreement calls for a finance charge of 1.5% per month (18% per annum) on all past due accounts.

11. VCM supplied materials on account delivering the same to the "Project" and invoiced Briggs Brothers for all materials provided. A true and correct copy of the customer Statement of Account is attached hereto and incorporated herein by reference as **Exhibit "C"**.

12. VCM has performed all requirements associated with the Agreement and has completed all of its obligations pursuant to the Agreement.

13. VCM has received no written notice that its materials were defective.

14. Pursuant to S.C. Code Ann. § 27-1-15, VCM sent a demand letter via certified mail, return receipt requested, and regular mail to Briggs Brothers on or about February 29, 2024, a copy of which is attached hereto and incorporated herein by reference as **Exhibit "D"**.

15. To date, Briggs Brothers has not made any payments to VCM, leaving a balance past due and owing of Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) plus interest costs and attorney's fees.

16. All conditions precedent to filing this suit have been performed by VCM.

## FIRST CAUSE OF ACTION – MILLER ACT PAYMENT BOND
**(Briggs Brothers and RLI)**

17. VCM incorporates the previous paragraphs above as if fully set forth herein verbatim.

18. More than ninety (90) days have expired since VCM last provided any services or materials in connection with the Project.

19. VCM has complied with all requirements for perfecting a right of action under the Payment Bond, including but not limited to bringing this action within one year after the last day on which VCM furnished any materials or services, or both, to the Project.

20. Pursuant to the terms of the Payment Bond, Briggs Brothers and the Surety are jointly and severally liable to VCM for all amounts due to VCM for all materials furnished on or for the Project pursuant to the Miller Act Sections 3131 to 3134 of Title 40 of the United States Code (40 U.S.C.A. §§3131 to 3134), such principal damages owed being in the amount of at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) plus interest, costs, and attorney's fees in amounts to be determined at trial.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT
### (Briggs Brothers)

21. VCM incorporates the previous paragraphs above as if fully set forth herein verbatim.

22. VCM has fulfilled its contractual obligations to Briggs Brothers.

23. Briggs Brothers materially breached the Agreement with VCM constituting a Contract by failing to pay all amounts due to VCM for materials furnished on or for the Project.

24. As a direct and proximate result of Briggs Brothers's material breach of the contract, VCM has incurred least damages of at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) plus interest, costs, and attorney's fees in amounts to determined at trial.

## THIRD CAUSE OF ACTION – S.C. CODE § 27-1-15 DEMAND

25. VCM incorporates the previous paragraphs above as if fully set forth herein verbatim.

26. Pursuant to S.C. Code Ann. § 27-1-15, VCM sent a demand letter via certified mail, return receipt requested, and regular mail to Briggs Brothers on or about February 29, 2024, a copy of which is attached hereto and incorporated herein by reference as **Exhibit "D"**.

28. Based on their refusal to pay any portion of its claims, VCM is informed and believes that Defendant Briggs Brothers and RLI have failed to conduct a reasonable and fair investigation and pay all undisputed amounts within 45 days of receiving the demand. Therefore, and to the extent this turns out to be so, VCM is entitled to recover the amounts demanded plus interest at the judgment rate and all attorney's fees.

## **FOURTH CAUSE OF ACTION – QUANTUM MERUIT**
### (Briggs Brothers)

30. VCM incorporates the previous paragraphs above as if fully set forth herein verbatim.

31. VCM furnished materials and labor for the Project for the benefit of Briggs Brothers for which VCM has not been paid. A fair and reasonable value for these materials, services and labor is at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27)..

32. At the time VCM provided the aforesaid materials and labor, VCM reasonably expected to be paid for said materials and labor, and Briggs Brothers voluntarily and knowingly accepted the benefits of said materials and labor with reason to know that VCM expected to be paid. VCM did not gratuitously supply any materials and labor to the Project.

31. The acceptance of the materials and labor by Briggs Brothers created an implied contract in which Briggs Brothers would pay VCM for the reasonable value of these materials and labor. Briggs Brothers will be unjustly enriched if it does not pay VCM for the material and labor supplied for its use and benefit.

32. As a result of the foregoing, Briggs Brothers is liable to VCM in an amount in quantum meruit or other equitable theory for reasonable value of the materials in an amount to be determined at trial that is at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) for which it hereby sues, together with such other relief as to which it may be entitled.

**WHEREFORE**, the Plaintiff prays for:

  a. Judgment against Defendants Briggs Brothers Enterprises Corporation and RLI Insurance Company, jointly and severally, under the First Cause of Action in the amount of at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) plus interest, costs, and attorney's fees;

  b. Judgment against Briggs Brothers Enterprises Corporation under the Second Cause of Action in the amount of at least Eighteen Thousand Two Hundred

Seventy and 27/100s Dollars ($18,270.27) plus interest, costs, and attorney's fees;

c. Judgment against Briggs Brothers Enterprises Corporation and RLI Insurance Company under the Third Cause of Action for attorneys' fees, costs and interest pursuant to S.C. Code Ann. 27-1-15 from the date of the demand letter;

d. Judgment against Defendant Briggs Brothers Enterprises Corporation under the Fourth Cause of Action for the reasonable value of the materials in an amount to be determined at trial that is at least Eighteen Thousand Two Hundred Seventy and 27/100s Dollars ($18,270.27) together with such other relief as to which it may be entitled.

e. For all applicable interest;

f. For attorneys' fees and costs of this action; and

g. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ F. Lee Prickett, III*
F. Lee Prickett, III (SC Bar #76178)
HOLDER, PADGETT, LITTLEJOHN + PRICKETT, LLC
P.O. Box 1804
Greenville, SC  29602
Telephone: (864) 335-8808
E-mail: lprickett@hplplaw.com
*Counsel for Vulcan Construction Materials, LLC*

August 27, 2024
Greenville, South Carolina